UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHANIE L. YEIDER,

                  Plaintiff,         Case No. 12-cv-10902
                                       Honorable Avern Cohn
                                       Magistrate Judge David R. Grand

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security

                  Defendant.
_____/

**REPORT AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION
TO VOLUNTARILY DISMISS HER CASE WITHOUT PREJUDICE [10]
AND TO DENY DEFENDANT'S MOTION TO DISMISS AS MOOT [8]**

**I.    RECOMMENDATION**

This matter is before the court for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the following reasons, the court RECOMMENDS that plaintiff's Motion to Voluntarily Dismiss her case without prejudice [10] be GRANTED and that defendant's Motion to Dismiss [8] be DENIED AS MOOT.

**II.    REPORT**

On February 28, 2012, Yeider filed a complaint in this court seeking judicial review of a final decision of the Commissioner denying her claim for social security disability benefits [3]. On May 4, 2012, the Commissioner filed a motion to dismiss with prejudice [8], arguing that Yeider's complaint was untimely because it was filed beyond the time allowed under the statute. 42 U.S.C. § 405(g). On June 1, 2012, this court issued an order to show cause why Yeider's case should not be dismissed for being untimely filed. Yeider filed a "Response to Motion to

Dismiss," stating that she had requested an extension of time from the Appeals Council to file her complaint, which was denied, and that she is asking the Council to reconsider that denial. [10]. She agrees to voluntarily dismiss her case, but asks that the dismissal be entered without prejudice, so that she can re-file her complaint *in the event the Appeals Council grants her request for reconsideration*, allowing her additional time to file her complaint. *Id.* at 1.

### A.  Plaintiff's Motion

Under Federal Rule of Civil Procedure 41, a plaintiff is permitted to voluntarily dismiss her case without need for a court order by filing a notice of dismissal prior to the opposing party serving either an answer or a motion for summary judgment. Fed. R. Civ. P. 41(a)(1)(A)(i). Here, the Commissioner has not yet filed either an answer or a motion for summary judgment; therefore Yeider has the right to voluntarily dismiss her case without an order of this court. *Aamot v. Kassel*, 1 F.3d 441, 444 (6th Cir. 1993) (motion to dismiss is not equivalent of motion for summary judgment for purposes of voluntary dismissal by right under Rule 41). Such dismissals are without prejudice, unless the notice or stipulation states otherwise. Fed. R. Civ. P. 41(a)(1)(B).

However, instead of responding to Defendant's motion and/or the court's show cause order by filing a notice of dismissal, Yeider appears to move this court for an order dismissing her case without prejudice. [10 at 2]. Defendant filed no reply/response to Yeider's filing. Because Yeider may dismiss her case as of right at this stage, the court recommends granting her motion to dismiss without prejudice. *See Woody v. City of Duluth*, 176 F.R.D. 310, 313 (D. Minn. Aug. 11, 1997) (granting plaintiff's motion to voluntarily dismiss even though plaintiff had absolute right under Rule 41 and did not require court order). In light of that recommendation, the court recommends that defendant's motion to dismiss be denied as moot.

### B. Conclusion

For the foregoing reasons, the court RECOMMENDS GRANTING plaintiff's Motion to Voluntarily Dismiss Without Prejudice [10] and DENYING defendant's Motion to Dismiss [8] as MOOT.

Dated: July 11, 2012                                    s/David R. Grand
Ann Arbor, Michigan                                    DAVID R. GRAND
                                                       United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.  A party may respond to another party's objections within 14 days after being served with a copy.  *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1).  Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 11, 2012.

                                           s/Felicia M. Moses
                                           FELICIA M. MOSES
                                           Case Manager